# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WOODLANDS DEVELOPMENT, LLC ET AL.**

**CIVIL ACTION**

**No. 13-514**

**VERSUS**

**SECTION I**

**REGIONS BANK ET AL.**

## ORDER AND REASONS

Before the Court are the motion[1] to transfer venue pursuant to 28 U.S.C. § 1412 filed on behalf of defendant, Regions Bank ("Regions"), and the motion[2] to remand or, alternatively,  to abstain filed on behalf of plaintiffs, Woodlands Development, LLC ("Woodlands"), Anthony Reginelli, Jr., Shawna Landry Reginelli, Peter R. Steur, and Lee R. Steur (collectively, "plaintiffs").[3] Also pending, although not yet taken under advisement, is the motion[4] for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure filed on behalf of Regions.  For the following reasons, Regions' motion to transfer to the United States District Court for the Middle District of Louisiana is **GRANTED**. Plaintiffs' motion to remand or abstain and Regions' Rule 60(b) motion are **DISMISSED WITHOUT PREJUDICE**.

---

[1] R. Doc. No. 10.

[2] R. Doc. No. 5.

[3] Regions' motion to transfer venue also serves as an opposition to plaintiffs' motion to remand. *See* R. Doc. No. 10-2, at 1.

[4] R. Doc. No. 46.

**Background**

Defendant, Soundra Temple Johnson ("Johnson"), is a debtor and debtor-in-possession in a Chapter 11 bankruptcy case that she filed in the U.S. Bankruptcy Court for the Middle District of Louisiana in December 2012.[5] At the time she filed her bankruptcy petition, a state court action was pending in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, which is located in the Eastern District of Louisiana.[6] Johnson is a defendant and third-party plaintiff in the state court action.[7] Although Johnson did not join in Regions' motion to transfer, her opposition to plaintiffs' motion to remand or abstain supports such action.[8]

The facts giving rise to the state court action were described by the Fifth Circuit Court of Appeal for the State of Louisiana as follows:

> In December of 1999, Woodlands purchased an apartment complex (the "property") on Sandra Drive in New Orleans consisting of over 300 rental units.  On June 28, 2001, Woodlands entered into a Loan Agreement with AmSouth Bank, the predecessor to Regions.  The loan was secured by a mortgage on the property, plus plaintiffs' individual guarantees of Woodlands' obligations to Regions. The loan matured on June 27, 2005, but was extended to October 27, 2005, and was then extended again to January 26, 2006.  On that day, the parties entered into a Forbearance Agreement that extended the term of the loan until December 1, 2006 in order for plaintiffs to find a new owner for the property.

---

[5]R. Doc. No. 1, at 1.
[6]R. Doc. No. 1, at 1-2.
[7]R. Doc. No. 1, at 2; *see also* R. Doc. No. 1-1. The parties disagree about the relationship between the removed claim and the state court judgments. *See* R. Doc. No. 1, at 8; R. Doc. No. 14, at 2; R. Doc. No. 41, at 12.
[8]*See* R. Doc. No. 14, at 7 ("By denying remand, the Court will allow a bankruptcy court that is familiar with the details of the overall reorganization process and timeline to timely adjudicate the bankruptcy estate's claims against the Crescent Parties.").

-2-

In September of 2006, Regions approved a purchase agreement between Woodlands and Johnson Property Group ("JPG") and its principal, Soundra Temple [Johnson]. JPG purchased the property from Woodlands, assumed Woodlands' note with Regions, and also paid a purchase price of $500,000 to Woodlands. . . . A First Amendment to the Forbearance Agreement was executed whereby the loan was extended an additional year in order to give JPG and Temple time to obtain permanent financing. Regions, JPG, Temple [Johnson], and plaintiffs all executed the First Amendment in November of 2006, which extended the term of the loan until November 15, 2007 and under which plaintiffs remained as guarantors of Woodlands' original loan with Regions.

A Second Amendment to the Forbearance Agreement was signed by all of the parties to the First Amendment in December of 2007, further extending the loan until December fo 2008. Thereafter, on January 9, 2008, JPG sold the property to Crescent City Gates Fund, L.P. ("CCGF"), which assumed the indebtedness to Regions. Plaintiffs alleged in their petition that they did not learn of this sale to CCGF until several months later . . . . Plaintiffs also alleged that Regions knew of the contemplated sale to CCGF at the time the Second Amendment was executed, but did not inform them, which, they argued, breached the forbearance agreements. Neither Woodlands nor Regions entered into any written agreement with JPG or CCGF in connection with the sale to CCGF, unlike the previous sale from Woodlands to JPG.

The sale from JPG to CCGF formed a basis for plaintiffs' suit for a declaratory judgment against Regions seeking to void their guarantees to Regions on the underlying note and obligations in connection with the Loan Agreement and subsequent Forbearance Agreement and the amendments thereto.[9]

---

[9]R. Doc. No. 10-6, at 4-5 (footnotes omitted).

In the state court action, three judgments have been issued, one on August 3, 2010,[10] one on June 21, 2012,[11] and one on September 18, 2012.[12]  The August 3, 2010 judgment was affirmed on appeal.[13] The June 21, 2012 judgment is the subject of a pending appeal in state court[14] and a pending motion for reconsideration before this Court.[15] The September 18, 2012 judgment is also on appeal.[16] Johnson has removed the entire state court action pursuant to 28 U.S.C. § 1452(a) based on its purported relatedness to the pending bankruptcy proceeding.[17]

## Law and Analysis

Regions requests that the Court transfer venue to the Middle District of Louisiana for reference to the bankruptcy court. Plaintiffs allege that subject matter jurisdiction does not exist because of the *Rooker-Feldman* doctrine and because mandatory abstention is required pursuant to 28 U.S.C. § 1334(c)(2).  In the alternative, plaintiffs request that the Court exercise discretionary abstention pursuant to § 1334(c)(1).

---

[10]R. Doc. No. 10-2, at 1-2; R. Doc. No. 10-5 (granting summary judgment in favor of Regions and against plaintiffs).

[11]R. Doc. No. 10-2, at 2; R. Doc. No. 10-3, at 2 (dismissing Regions' reconventional demand as a sanction for "[t]he systematic destruction of evidence"); *see also* R. Doc. No. 10-7, at 2.

[12]R. Doc. No. 10-2, at 2; R. Doc. No. 10-4, at 4 (granting summary judgment in favor of Regions and against Johnson and JPG, granting summary judgment in favor of Woodlands et al. and against Johnson and JPG, and denying a cross-motion for summary judgment filed by Johnson and JPG).

[13]R. Doc. No. 10-2, at 2; R. Doc. No. 10-6.

[14]R. Doc. No. 36, at 2 n.1 ("The Louisiana Fifth Circuit Court of Appeal has recently issued an Order stating that given the pending removal of the State Court Action, oral argument will not go forward until the matter is remanded.").

[15]R. Doc. No. 46.

[16]R. Doc. No. 5-1, at 6-7.

[17]R. Doc. No. 36, at 8; R. Doc. No. 1. Although Regions refuses to concede that diversity jurisdiction is unavailable, R. Doc. No. 41, at 8,  the parties appear to agree that this matter is related to the bankruptcy proceeding. *See, e.g.*, R. Doc. No. 14, at 4; R. Doc. No. 5-1, at 11-12.

Plaintiffs contend that the Court must rule on the merits of their motion prior to any transfer of venue. The Court disagrees.

Although the U.S. Court of Appeals for the Fifth Circuit has not ruled on this issue, this Section has previously considered a procedurally similar case and concluded: "because the jurisdictional question in this matter is necessarily intertwined with the pending bankruptcy proceedings, the Court finds that first considering defendants' transfer motions will serve the interest of judicial economy and that the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction." *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, No. 06-0826, 2006 WL 2349461, at *2 (E.D. La. Aug. 11, 2006). Regions relies on *Marquette*, which recognized conflicting authority at the time it was decided. *See* 2006 WL 2349461, at *2 n.12. Cases decided subsequent to *Marquette*, however, strongly support the conclusion that a venue transfer is appropriate in certain cases prior to resolution of the subject matter jurisdiction issue.

 In *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), the U.S. Supreme Court ruled that a district court may dismiss a case on *forum non conveniens* grounds without determining its own subject matter jurisdiction.  Specifically, "a court need not resolve whether it has authority to adjudicate the cause (subject matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Id.* at 425. " 'Jurisdiction is vital only if the court proposes to issue a judgment on the merits,' " and a "district court may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 431-32 (quoting *Intec USA, LLC v. Engle*,  467 F.3d 1038, 1041 (7th Cir. 2006)). *Sinochem* also

endorses a case-by-case approach, stating that "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.* at 435.

A decision to dismiss pursuant to *forum non conveniens* is not identical to a decision to transfer to an alternative federal venue, but the Supreme Court's ruling in *Sinochem* expressly addresses the relationship between a *forum non conveniens* dismissal and a venue transfer. While the common law doctrine of *forum non conveniens* continues to apply "only in cases where the alternative forum is abroad," the Supreme Court noted, "Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Id.* at 430 (citing 28 U.S.C. §§ 1404(a); 1406(a)). Accordingly, *Sinochem*'s reasoning suggests that a venue transfer is similar in relevant respects to a *forum non conveniens* dismissal and that transferring a case prior to the determination of subject matter jurisdiction is, in certain cases, a permissible and prudent course.

While the Fifth Circuit has not had the opportunity to address the issue, the Seventh Circuit has concluded that *Sinochem*'s holding extends to venue transfers such that "the indeterminacy of subject-matter jurisdiction is not, standing alone, a bar to consideration of venue." *In re LimitNone, LLC*, 551 F.3d 572, 577-78 (7th Cir. 2008) (per curiam). District courts in the Fifth Circuit and elsewhere have adopted a similar approach. *See Hardwick v. Factor*, No. 10-5249, 2011 WL 1831706, at *2 (S.D. Tex. May 9, 2011) (Rosenthal, J.); *see also Rumohr v. Comerica Bank*, No. 11-1706, 2011 WL 2437415, at *2 (N.D. Cal. June 17, 2011) (Alsup, J.); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 78  (D.D.C. 2009) (Roberts, J.).

Here, as in *Marquette*, "plaintiffs' pending motions for abstention and/or remand weigh in favor of transfer" to the Middle District of Louisiana prior to the resolution of those motions. *Id.* at *5. Although the *Rooker-Feldman* doctrine was not at issue in *Marquette*, the Court finds that, in light of the circumstances of this case and the parties' arguments, the *Rooker-Feldman* argument raised here does not "readily" suggest that the Court lacks subject matter jurisdiction. *See Sinochem*, 549 U.S. at 436 ("If, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground."); *Ibarra v. Orica U.S.A. Inc.*, 493 F. App'x 489, 492 (5th Cir. 2012); *see also Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.*, 785 F. Supp. 2d 579, 590 (E.D. La. 2011) (Feldman, J.) (concluding that "the unfinished and ongoing posture of the state court appellate process [] presents a procedural obstacle to the defendants' invocation of *Rooker-Feldman*.").

Having established that it may consider venue as a threshold matter, the Court turns to whether the requirements for a transfer of venue are met. "While it is uncontroverted that 28 U.S.C. § 1412 applies to the main bankruptcy case and core adversary proceedings, there is a split in authority regarding whether a motion to transfer an action that is 'related to' a bankruptcy action in another forum [] should be analyzed under section 1404(a) rather than section 1412." *Wash. State Bank v. Turnage*, No. 11-004, 2011 WL 1561440, at *3 (W.D. La. Apr. 25, 2011) (Melancon, J.) (citing cases).

28 U.S.C. 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

"Transfer pursuant to section 1412 may be proper even without a full showing regarding the convenience of the parties." *Marquette*, 2006 WL 2349461, at \*5.  In contrast, section 1404(a) permits a district court to transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought."[18]

For the reasons set forth in *Marquette*, the Court continues to find "persuasive the argument that in enacting section 1412, Congress 'did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation." 2006 WL 2349461, at \*4 (quoting *Baker v. Muscletech Research and Dev., Inc.*, No. 06-492, 2006 WL 1663748, at \*1 (E.D. Wis. June 9, 2006) (Callahan, M.J.)). Accordingly, the Court holds that section 1412 applies.

"In considering the interest of justice, this Court recognizes the strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *Id.* at \*4 (citing *Bayou Steel Corp. v. Boltex Manuf. Co.*, No. 03-1045, 2003 WL 21276338, at \*1 (E.D. La. June 2, 2003) (Engelhardt, J.)). "'The considerations behind the presumption of transfer are heightened here because the determination under 28 U.S.C. 157(b)(3) (*i.e.*, whether this proceeding is a "core" proceeding or is merely "related to" the bankruptcy case) is required in order to decide [defendants' motions] for abstention and/or remand." *Id.* (quoting *Bayou Steel Corp.*, 2003 WL 21276338, at \*1. "Accordingly, the interest of justice and the efficient administration of the bankruptcy estate strongly favor transfer so that the bankruptcy court can

---

[18]The parties do not dispute that the present matter "might have been brought" in the Middle District of Louisiana. *Compare Brown v. Wells Fargo, N/A*, 463 B.R. 332, 337-38 (M.D.N.C. 2011) (Auld, J.) (The "presumption that the district hearing the bankruptcy case is the proper venue for related actions" is, in some cases, at odds with § 1404(a)'s "might have been brought" requirement.).

decide whether remand is necessary and/or whether abstention is either required or warranted." *Id.* at *5.

In the alternative, the Court concludes that a transfer of venue is appropriate under section 1404(a). The moving party must show "good cause" for a transfer by "clearly demonstrating" that a transfer meets the requirements in Section 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

> When determining whether a transfer is warranted for the convenience of the parties and witnesses and the interest of justice, the Court must consider private and public interest factors. The private interest factors include, " '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include, " '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.' " *Id.* None of these factors are "of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

*Magner v. Gaskill*, No. 13-192, 2013 WL 1702055, at *1 (E.D. La. Apr. 18, 2013).

Plaintiffs have not argued, for example, that the geographic difference between the Eastern District of Louisiana and the Middle District of Louisiana creates an inconvenience or  additional expense. Similarly, plaintiffs have not contended that administrative difficulties, localized interests, familiarity with governing law, or conflicts of law weigh against a venue transfer.

Instead, plaintiffs assert that a transfer of venue "would serve little purpose" given the merits of their motion to remand or abstain.[19] For example, plaintiffs argue that this matter is not intertwined with the bankruptcy case because this matter is not a core proceeding.[20] But these arguments presuppose the merits of plaintiffs' motion to remand or abstain and otherwise fail to undermine the persuasive reasons supporting a venue transfer at this stage.[21]

Plaintiffs additionally assert that Regions' motion for transfer of venue is "an attempt to forestall the consideration by the Louisiana Fifth Circuit Court of Appeal of both Regions' and [Johnson's] own respective appeals of the adverse judgments rendered against these parties in the State Court Action."[22] Even if true, the delay associated with a venue transfer is relatively minor in light of the procedural history of this case.[23] Regions has met its burden pursuant to section 1404(a) by clearly demonstrating that a transfer of venue is warranted for the convenience of the parties and witnesses and the interest of justice.

Having considered the private and public interest factors and the arguments of the parties, plaintiffs' objections to a transfer of venue "are not sufficient to overcome the paramount interest in economically and efficiently administering the estate in bankruptcy." *Marquette*, 2006 WL 2349461, at *5. Transfer to the Middle District of Louisiana, where the bankruptcy case is pending,

---

[19]R. Doc. No. 36, at 21.

[20]R. Doc. No. 36, at 22-23.

[21]*See also* R. Doc. No. 36, at 24-25 ("[T]he remand motion should not be heard in advance of any motion to transfer venue as any such transfer of venue" would ultimately be futile in light of the *Rooker-Feldman* doctrine.).

[22]R. Doc. No. 36, at 1.

[23]Oral arguments for the motion to remand and/or abstain and the motion to transfer venue were originally scheduled for May 22, 2013. Oral argument was continued, and the case was transferred to the undersigned U.S. District Court Judge on May 22, 2013. The pending motions were taken under advisement on June 5, 2013. *See* R. Doc. Nos. 43, 45.

"will permit the most economic and efficient administration of all matters related to the bankruptcy." *Id.* at *6.

Accordingly,

**IT IS ORDERED** that Regions' motion to transfer venue is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be transferred to the Middle District of Louisiana, for referral to the Bankruptcy Court administering *In re: Soundra Temple Johnson*, No. 12-11811 (Bankr. M.D. La. 2012).

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand or abstain and Regions' motion for reconsideration are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 24, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

-11-